Matthew L. Johnson (6004)
Melissa A. Vermillion (10261)
MATTHEW L. JOHNSON & ASSOCIATES, P.C.
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117
Phone: (702) 471-0065
Fax: (702) 471-0075
Email: mjohnson@mjohnsonlaw.com/
mvermillion@mjohnsonlaw.com

Attorneys for Debtor,
La Estancia, LLC

E-filed on July 27, 2009

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

LA ESTANCIA, LLC,

    Debtor.

Case No.: 09-16996-BAM

Chapter 11

Hearing Date: OST Pending
Hearing Time: OST Pending

### MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS AND ENCUMBRANCES ON AN ORDER SHORTENING TIME

Debtor and Debtor in Possession, La Estancia, LLC, ("La Estancia") through its counsel Matthew L. Johnson and Melissa A. Vermillion, of MATTHEW L. JOHNSON & ASSOCIATES, P.C., respectfully requests the Court enter an Order authorizing the sale of the Debtor's 549 acres of predominantly vacant land located along the north side of Interstate 10 between Kolb Road and Wilmot Street in Tucson, AZ ("Property").

This Motion is based on 11 U.S.C. §363 (b) and (f), the pleadings and papers on file, the following Points and Authorities, and any arguments made by counsel at the time of hearing on this matter.

DATED this 27th day of July, 2009.

MATTHEW L. JOHNSON & ASSOCIATES, P.C.

/s/ Matthew L. Johnson
Matthew L. Johnson (6004)
Melissa A. Vermillion (10261)
Russell G. Gubler (10889)
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117
Attorneys for Debtor, La Estancia, LLC

POINTS AND AUTHORITIES

A. FACTS

1. The Debtor is a Nevada limited-liability company with its principal place of business located in Las Vegas, NV.

2. Debtor, La Estancia, is the owner of 549 acres of predominantly vacant land located along the north side of Interstate 10 between Kolb Road and Wilmot Street in Tucson, AZ ("Property"), in anticipation of developing a master planned community ("Project"). The development plan for the master planned community includes open space, recreational, residential, commercial, public facility, and light industrial uses.

3. The Project has been approved for up to 3,200 residential units on about 320 acres, approximately 79 acres of commercial uses, and 29 acres of industrial uses. The property is fully entitled for 664 residential lots on approximately 161 acres.

4. The Property is parceled into 28 pieces. All of the 28 parcels have been Final Block Platted. Also, some of the initial work on several of the parcels is complete. All 664 residential lots have been graded, the mainline sewer is approximately 95% complete, the Julian Wash is approximately 99% complete, and the mainline water system is approximately 50% complete.

5. The Debtor's largest creditor is the National Bank of Arizona (the "Bank"), which holds a deed of trust on the Debtor's Property.

6. As of August 5, 2008, the Bank alleged that it was owed $21,042,638.89, which comprises $20,000,000.00 of principal amortization and $1,042,638.89 of accrued and accruing interest, late fees, and default interest.

7. The Bank commenced foreclosure proceedings on the Debtor's Property, and as a result, on or about May 1, 2009, the Debtor filed the instant bankruptcy case. The Bank has sought relief from the automatic stay to permit foreclosure, which the Debtor has opposed.

8. As set forth above, the Bank has asserted that it is owed over $20,000,000.00. The Debtor disputes this amount, due to the actions of the Bank as described in opposition to the Bank's Motion for Relief From the Automatic Stay.

9. The Debtor has recently located a proposed buyer for the Property. The proposed buyer is willing to purchase the Property for an amount over $10,000,000.00, with a 2% breakup fee to act as the stalking horse bidder, as well as certain commissions to be paid to the buyer's agent, assuming that the sale is consummated.

10. The Debtor has marketed the property for some time and believes that the proposed sale reflects a price that is not out of line with the current market in light of the pressures raised by the fact that the Bank has a foreclosure sale pending, the Debtor is in bankruptcy, and the Bank has sought relief from the stay to permit foreclosure.

11. The Bank has agreed to a sale of the Debtor' property under section 363 of the bankruptcy code, with a minimum net to the bank in an amount within the confines of what the potential buyer is willing to pay for the Debtor's property. The Bank has also agreed to release the Debtor and its guarantors of any further liability in exchange for a release by the Debtor and the guarantors of all claims brought in the State and Federal Court actions, and has agreed to equally split with the Debtor any amount that the Debtor nets above the Bank's agreed-upon release price, up to the amount of the Bank's claim, subject to the sale closing on or before September 29, 2009.

12. The Bank, the Debtor, and the Guarantors have agreed to stay all litigation in Bankruptcy Court and all litigation in Arizona State and Federal Court and to sell the Debtor's Property, subject to this Court's approval, under section 363 of the Bankruptcy Code.

Thus, the Debtor has filed the instant motion in an effort to sell the Debtor's property, free and clear of liens and encumbrances, and to preserve its settlement with the Bank. Therefore, the Debtor respectfully requests that this Court grant the instant motion to sell substantially all of the Debtor's Property free and clear of all liens and encumbrances so as to stop further costs of litigation and allow the Debtor to attempt to pay all creditors at least some amount on their claims.

- 3 -

B.  ARGUMENT

    1.  This Court Should Authorize The Debtor To Sell its Property Free And Clear Of All Liens And Encumbrances.

"The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . ." 11 U.S.C. §363(b)(1).  Under 11 U.S.C. §363 (f), a debtor in possession "may sell property. . . free and clear of any interest in such property of an entity other than the estate. . . if . . . "such entity consents" or "such interest is in bona fide dispute." 11 U.S.C. §363 (f)(2) and (4).  Such a sale is appropriate, especially if the sale is in the best interests of the estate.  See *In re The Huntington Limited*, 654 F.2d 578, 589 (9th Cir. 1981) ("If a Chapter 11 proceeding is filed in good faith with the intention of restructuring the debtor's ailing financial situation, and if it subsequently appears that a sale of assets is in the best interests of the estate, it is within the power of the bankruptcy court to authorize such a sale." (Citations omitted.)).

In the instant case, 11 U.S.C. §363(f)(2) allows the Debtor to sell property free and clear of liens and encumbrances of any interest in such property if such entity consents.  11 U.S.C. §363(f)(2).  The Debtor has received a letter of intent to purchase the Debtor's Property for an amount in excess of $10,000,000.00.  As this Court is aware, the Debtor's largest secured creditor, the National Bank of Arizona, has agreed to the sale of the Debtor's Property to a proposed buyer in amount less than this amount. The Debtor therefore requests that the Court hold a hearing and set a sale date, allowing the Debtor to sell all of its real property free and clear of all liens and encumbrances.  The sale must close on or before September 29, 2009 to comply with the terms of the Settlement Agreement with the Bank.  Any excess proceeds above the release price of the bank will be equally split between the Debtor and the Bank, with the intent that any excess proceeds obtained by the Debtor will be used to pay junior lien holders, administrative, and unsecured claims.

Further, 11 U.S.C. §363(f)(4) allows the disputed creditors' claims to be omitted in the Debtor in possession's determination of whether to sell the property free and clear of liens and

encumbrances if the claim is the subject of a bona fide dispute. In the instant case, National Bank of Arizona's claims are "in bona fide dispute." 11 USC §363(f)(4). La Estancia has reached a verbal agreement with its only other secured creditor, Borderland Construction Company, which holds a mechanic's lien on the Property, and believes that it will be able to satisfy the claims of any other secured creditor, if any, with the excess proceeds should this sale be consummated.

The Debtor therefore respectfully requests that this Court grant its motion to sell its Property free and clear of liens and encumbrances as outlined in 11 U.S.C. §363(f)(2) and (4), and allow the Debtor to pay the Bank from the proceeds, and hold any remaining proceeds pending resolution of the remaining claims.

C.     CONCLUSION

Based on the foregoing, the Debtor respectfully requests that this Court grant its motion to sell its Property at auction, free and clear of liens and encumbrances as outlined in 11 U.S.C. §363(f)(2) and (4), for an amount in excess of $10,000,0000.00, with a breakup fee to the stalking horse bidder of 2%, as well as a standard commission to the buyer's agent, and that the sale take place so that the closing occurs prior to September 29, 2009. To the extent necessary, under Fed. R. Bank. Proc. 9019, the Debtor also requests approval for payment to the Bank of the agreed upon amounts as settlement in full of their respective claims.

DATED this 27th day of July, 2009.

MATTHEW L. JOHNSON & ASSOCIATES, P.C.

_/s/ Matthew L. Johnson_
Matthew L. Johnson (6004)
Melissa A. Vermillion (10261)
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117

Attorneys for Debtor

- 5 -